UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20-cv-4120 |
| | ) | |
| vs. | ) | Judge Marvin E. Aspen |
| | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| DR. FAUZIA KHAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMBINED REPLY TO ITS MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION**

Plaintiff, Arnold Scott, by and through his attorneys, The Law Office of Sean Brown, LLC, submits the following combined Reply in support of its motion for summary judgment and in opposition to Defendant's cross-motion for summary judgment.

Defendant argues in her cross-motion that she cannot be liable for scheduling delays when she was not personally involved in scheduling appointments. (Dkt # 53 p. 6). Yet, according to Defendant's summary of undisputed facts, Defendant unambiguously stated that she asked patients to be seen for future appointments; this is the very definition of being involved in the scheduling of appointments. (Dkt # 53 p. 3). Defendant also asserts that she was not deliberately indifferent because she and another dentist had a difference of opinion. (Dkt # 53 p. 8). That, however, was not the case. Although Defendant initially refused to restore Plaintiff's tooth filling in August of 2018, according to Defendant's summary of undisputed facts, it is apparent that Defendant and Dr. Caldwell *both agreed* that restoring Plaintiff's tooth filling should be done, and Defendant actually performed the restoration. (Dkt # 53 p. 4). Defendant further asserts that there is no evidence that she knew of a substantial risk of harm to Plaintiff and disregarded that risk. (Dkt # 53 p. 10). This

1

argument, too, is without merit because Dr. Khan saw Plaintiff's medical condition and knew of his pain in August of 2018; yet she made the conscious decision not to restore Plaintiff's tooth filling until June of 2019--more than a year later. (Dkt # 53 p. 3-4). The Defendant's very own cross-motion clearly shows there are genuine issues of material fact that should lead this Court to deny Defendant's motion for summary judgment.

For the reasons that follow, Plaintiff's Motion for Summary Judgment should be granted as there are no genuine issues of material fact that Defendant was aware and deliberately indifferent to Plaintiff's serious medical condition.

## I. **REPLY TO RULE 56.1 STATEMENT OF FACTS**

First, Defendant argues that Plaintiff's motion for summary judgment should be stricken for failure to comply with Local Rule 56.1 because the statement of facts was included within the motion itself. (Dkt # 53 p. 11-12). This argument is without merit. Local Rule 56.1 requires a party seeking summary judgment to include *with* its motion "a statement of material facts as to which the ... party contends there is no genuine issue and that entitle the ... party to a judgment as a matter of law." Princeton Indus., Prods. v. Precision Metals Corp., 120 F. Supp. 3d 812, 815 (N.D. Ill. August 17, 2015)(emphasis added). In the instant case, Plaintiff included the statement of material facts *with* its motion as proscribed by the local rules. Plaintiff's 56.1 statement of facts was its own separate document, the document had its own caption, and the document was filed with the motion for summary judgment. Thus, this Court should deny Defendant's motion to strike Plaintiff's motion for summary judgment as it was in compliance with the local rules.

Furthermore, Defendant filed a response to Plaintiff's 56.1 statement of facts. (Dkt # 55). Plaintiff now submits the following reply to relevant paragraphs of the Defendant's response:

1. Defendant denies that there are no genuine issues of material fact in dispute. (Dkt # 55 p. 1). Ironically, however, Defendant has filed a cross motion for summary judgment on the theory that there is no genuine issue of material fact in dispute, and that the moving party is entitled to a judgment as a matter of law. Apparently, the Defendant agrees that there is no issue of material fact. Thus, the denial should be stricken.

2. Defendant admits that Plaintiff, Arnold Scott, was a pretrial detainee in the Cook County Jail, which is the relevant time period for this cause. (Dkt # 49 Exhibit 2 p. 19-20).

5. Defendant correctly stated that the lawsuit was filed on July 13, 2020. (Dkt # 55 p. 2). Plaintiff's original Rule 56.1 Statement of Facts contained a scrivener's error, which incorrectly stated that the lawsuit was filed on July 30, 2020.

9. Defendant denies having knowledge as to when Plaintiff submitted grievances. (Dkt # 55 p. 3). This denial is incredulous as Defendant saw Plaintiff on August 6, 2018, due to his complaints about tooth pain. (Dkt # 49 Exhibit 1 pp. 7, 9-10). Accordingly, the denial should be stricken.

11. Defendant denies having knowledge as to when Plaintiff submitted his health service requests, but Defendant Khan saw Plaintiff and told Plaintiff that she would "reschedule" him if needed. (Dkt # 49 Exhibit 2 p. 26). Asking that patients be seen at future appointments constitutes involvement in the process. Thus, the denial should be stricken.

12. Defendant denies having knowledge as to when Plaintiff submitted his health service requests, but Defendant Khan saw Plaintiff and told Plaintiff that she would "reschedule" him if needed. (Dkt # 49 Exhibit 2 p. 26). Asking that patients be seen at future appointments constitutes involvement in the process. Thus, the denial should be stricken.

13. Defendant denies having knowledge as to when Plaintiff submitted his health service

requests, but Defendant Khan saw Plaintiff and told Plaintiff that she would "reschedule" him if needed. (Dkt # 49 Exhibit 2 p. 26). It is unreasonable to believe that Defendant did not have a record of when Plaintiff first requested to see her for treatment. Thus, the denial should be stricken.

 14. Defendant denies that she did not provide treatment to Plaintiff. (Dkt # 55 p. 4). However, Plaintiff did not receive a dental filling or an extraction on August 6, 2018. Defendant simply told Plaintiff she would reschedule him. No treatment was provided to Plaintiff. Accordingly, the denial should be stricken.

 15. Defendant denies that she did not provide a dental filling to Plaintiff on August 6, 2018. (Dkt # 55 p. 4). However, Plaintiff did not receive a dental filling on August 6, 2020. Defendant simply told Plaintiff she would reschedule him, and she referred Plaintiff to another dentist to perform the filling. (Dkt # 49 Exhibit 2 p. 30). Accordingly, the denial should be stricken.

 17. Defendant denies that Plaintiff did not receive treatment for his dental condition until June of 2019. (Dkt # 55 p. 5). However, Plaintiff's deposition testimony and the fact that there are no treatment records until June of 2019 speaks for itself. (Dkt # 49 Exhibit 2 pp. 29-30). Accordingly, the denial should be stricken.

**II. <u>DR. KHAN'S DELIBERATE INDIFFERENCE CAUSED THE TREATMENT DELAY</u>**

 Defendant Dr. Khan was personally involved in scheduling Plaintiff for further dental visits, and her course of inadequate treatment practically caused a year-long delay for Plaintiff's tooth restoration. (Dkt # 49 Exhibit 2 p. 26). Defendant contends that she has absolutely no personal involvement in scheduling, but she clarifies – in figuratively the same breath – that she asked for patients to be scheduled for follow-up appointments. (Dkt # 53 p. 6). In addition, Plaintiff stated that Dr. Khan told him she would schedule him for another visit. (Dkt # 49 Exhibit 2 p. 26).

4

Moreover, Dr. Khan could have performed the dental filling on August 6, 2018, but – for reasons only known to her – she did not. Accordingly, she caused a delay in effective treatment by refusing to give Plaintiff a dental filling when she had the ability to do so and knew that it was proper, but she told Plaintiff that she did not perform those kinds of procedures. See Gil v. Reed, 381 F.3d 649, 662 (7th Cir. 2004). Had Dr. Khan performed the procedure in August of 2018, it would have alleviated Plaintiff's pain just as it did when she performed the procedure more than 10 months later. (Dkt # 49 Exhibit 4 pp. 60-61). Based on the testimony of Plaintiff and the medical records, Dr. Khan had direct involvement in the scheduling of Plaintiff's treatment, and her failure to treat Plaintiff caused a significant delay in Plaintiff's treatment, which constitutes a deliberate indifference.

### III. DR. KAHN AND DR. CAMPBELL ULTIMATELY SHARED THE SAME OPINION

Defendant argues that she and Dr. Caldwell disagreed about whether Plaintiff's tooth filling could be restored. (Dkt # 53 p. 8). This argument, however, must fail. Although Dr. Khan's position in August of 2018 was to recommend a tooth extraction--that position changed. (Dkt # 53 p. 3). In June of 2019, both Dr. Caldwell and Defendant were of the same opinion that Plaintiff should receive a tooth filling -- the treatment Plaintiff requested in August of 2018. (Dkt # 53 p. 4). Here, the deliberate indifference standard was satisfied when Dr. Khan failed to take reasonable measures to avoid the harm that Plaintiff was suffering back of August of 2018 because she actually performed the treatment about ten months later in June of 2019. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, it is apparent that Defendant provided inadequate treatment when she only gave Plaintiff Tylenol and told him she could only do extractions in August of 2018. (Dkt # 49 Exhibit 2 pp. 24-26). In the instant matter, Defendant's total unconcern for Plaintiff's welfare in the face of serious risks and her conscious refusal to prevent harm meets the deliberate

indifference standard as Defendant treated Plaintiff's condition in June of 2019 when she could have given Plaintiff the same treatment ten months earlier to alleviate his pain and suffering. Solivan v. Dart, 897 F. Supp. 2d 694, 704 (N.D. Ill. 2012).

## IV. DR. KAHN RECKLESSLY DISREGARDED THE RISK OF HARM TO PLAINTIFF

Defendant argues that Plaintiff's refusal to have his tooth extracted relieves Dr. Khan of liability. (Dkt # 53 p. 10-11). This argument fails because Defendant was still under an obligation to provide Plaintiff with adequate medical care. Boyce v. Moore, 314 F.3d 884, 888 (7th Cir. 2002). Defendant also contends that there is no evidence that she knew of a substantial risk of harm to Plaintiff and disregarded that risk. (Dkt # 53 p. 10). This is simply not true. Defendant knew Plaintiff's medical condition was objectively serious because she knew it required treatment. Gutierrez v. Peters, 111 F.3d 1364, 1372-73 (7th Cir. 1997). In fact, she recommended treatment. (Dkt # 49 Exhibit 2 p. 26) Defendant also knew Plaintiff's condition would have a significant effect on Plaintiff's daily activities due to the chronic and substantial pain he was experiencing. Elder v. Cook Cnty. Dep't of Corr., 2016 IL App (1st) 153428-U at ¶ 24. Furthermore, it is unreasonable for Defendant to deny knowing that Plaintiff would continue to suffer chronic and substantial pain when she refused to treat him on August 6, 2018, after hearing of Plaintiff's complaints about his pain. (Dkt # 49 Exhibit 2 p. 33).

In August of 2018, Plaintiff was told by Dr. Khan that she does not do fillings, only extractions, so she would refer him to a doctor in another division that performed fillings. (Dkt # 49 Exhibit 2 p. 26) The Defendant states in its response that this referral was for a second opinion, but that is incorrect; the referral was for a filling to be performed. (Dkt # 53 p. 9). Defendant knew that she could fill Plaintiff's tooth and alleviate his pain, but she told him that she could not. (Dkt # 49 Exhibit 2 p. 26). Thus, Defendant's conduct showed a total disregard for Plaintiff's risk of

further harm. Eventually, Plaintiff was seen by Dr. Caldwell, who told Plaintiff that Defendant can do fillings, and she was not sure why Defendant told him otherwise. (Dkt # 49 Exhibit 2 p. 30) Also, a nurse that worked with Defendant told Plaintiff something of similar effect when she said, "this office does do fillings." (Dkt # 49 Exhibit 2 p. 30) Based on the above, there is no genuine issue of material fact as to whether Dr. Khan was aware of the risk of harm; she knew the risk of harm and disregarded that risk, unfortunately, to Plaintiff's detriment.

## CONCLUSION

WHEREFORE, this Court should deny Defendant's motion for summary judgment and enter summary judgment in favor of Plaintiff and grant any other relief this Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing Plaintiff's Combined Reply to Its Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment was filed electronically with this Court, causing a copy of the foregoing document to be delivered via the Court's CM/ECF Electronic Filing System to all Counsel of Record.

By: /s/ Sean Brown
Attorney for Plaintiff
Arnold Scott